HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPAM ARREST, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>REPLACEMENTS, LTD., et al.,<br><br>            Defendants. | CONSOLIDATED<br><br>MASTER CASE NO. C12-481RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on eight motions that the parties filed either in conjunction with their summary judgment motions or after briefing concluded on those motions. This order resolves the eight motions; a separate order resolves the summary judgment motions. The court reserves its in-depth discussion of the parties' substantive disputes for the separate order.

For the reasons stated below, the court GRANTS the parties' stipulated motion (Dkt. # 85) to dismiss claims against Defendant Replacements, Ltd with prejudice and without costs or attorney fees to any party. The court directs the clerk to TERMINATE all of the parties' motions to seal. Dkt. ## 26, 54, 63, 71. The end of part II.C. of this order concludes with instructions to the clerk as to which documents may remain under seal as well as instructions to the parties to refile documents that they improperly redacted. The court directs the clerk to TERMINATE the parties' redacted motions for

ORDER – 1

summary judgment. Dkt. ## 29, 49. The court will rely solely on the motions that the parties filed under seal (Dkt. ## 35, 57), and resolves those in the separate order. The court DENIES Plaintiff's motion to sever claims and to provide supplemental briefing. Dkt. # 86.

## II.  BACKGROUND & ANALYSIS

### A.  Motion for Voluntary Dismissal of Claims Against Replacements, Ltd.

The court begins with the only one of these eight motions that was undisputedly necessary. After briefing on the summary judgment motions had concluded, Plaintiff Spam Arrest, LLC resolved its differences with Replacements, Ltd., one of the two Defendants in this consolidated action. The parties filed a stipulated motion to dismiss Replacements, leaving Sentient Jet, LLC and Sentient Jet Charter, LLC (collectively "Sentient Jet") as the only Defendants.

### B.  Spam Arrest's Motion to File Additional Briefing and Sever Claims

By the time Replacements and Spam Arrest resolved their differences, the parties had filed more than 125 pages of briefing on their cross-motions for summary judgment. Spam Arrest apparently believed that it needed more. Once Replacements was no longer part of the case, Spam Arrest filed a motion for leave to file more briefing so that it might explain how Replacements' departure impacted the case. This would seem to be a tacit admission that Spam Arrest's original briefing did not adequately highlight the differences between its claims against Sentient Jet and its claims against Replacements. The court disagrees. Supplemental briefing is decidedly unnecessary.

The court also declines Spam Arrest's request that the court sever its case against Sentient Jet from its case against Replacements. The court has no idea why the dismissal of Replacements as a party is not an adequate severance for Spam Arrest.

ORDER – 2

## C. Four Motions to Seal and Two Sealed Motions

The two motions the court just discussed came after the parties completed briefing on their summary judgment motions. The remaining six motions raise a host of disputes over whether the court should keep under seal unredacted versions of the summary judgment motions themselves and dozens of documents that support them.

In considering those disputes, the court begins with its local rules, specifically Local Rule 5(g), which acknowledges the "strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g). Because filing *anything* under seal is disfavored, the rules require the parties to meet and confer to "explore all alternatives to filing a document under seal." LCR 5(g)(1), 5(g)(3)(A). In particular, the rules require parties to "redact[] sensitive information . . . *that the court does not need to consider*." LCR 5(g)(1)(B) (emphasis added). Only a party "who cannot avoid filing a document under seal" should attempt to do so. LCR 5(g)(1)(B). A party must "minimize the number of documents it files under seal and the length of each document it files under seal." LCR 5(g)(4). Only in "rare circumstances" should a party file an entire motion under seal. LCR 5(g)(5).

The court's reluctance to seal documents is at its height when the documents support a dispositive motion. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Dispositive motions, like trials, are "at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id.* (quotation omitted). A party must provide "compelling reasons" for sealing any document associated with a dispositive motion. *Id.* The court then balances those reasons against the competing public interests. *Id.*

Despite the requirement that they minimize the number of documents under seal, the parties have collectively filed more than 30 documents under seal in conjunction with their summary judgment motions. The court will not address each document

ORDER – 3

individually, although this order will conclude with instructions to the clerk and to the parties as to each document. Three general explanations will suffice.

First, the parties sealed many documents because they include email addresses or other identifying information for Spam Arrest customers and (less frequently) other third parties. Spam Arrest's desire to redact its customers' email addresses is understandable; it can hardly purport to protect its customers from spam while publicizing their email addresses. What is not understandable is why the parties believe that the unredacted email addresses are of any value to the court. Every Spam Arrest customer has a unique identification number. With one exception (Dkt. # 43), every document the parties have filed that contains a customer's email address either contains identification numbers (permitting the court to identify individual customers in documents that aggregate data on hundreds of customers) or is a document in which the email address makes no difference whatsoever. The parties were either aware or should have been aware that the email addresses would play no part at all in the court's consideration of these motions. There was thus no need to file unredacted versions those documents under seal, and the parties violated LCR 5(g)(1)(B) by doing so. The same is true of an exhibit with a redacted credit card number, accompanied by a sealed exhibit revealing the credit card number. The credit card number is not useful to the court; the parties should have simply redacted it without burdening the court with another sealed document. The duty to minimize the number of documents filed under seal carries with it the duty to exercise judgment about redacting extraneous information. The parties too frequently abandoned that duty.

Second, Spam Arrest has taken frivolous positions with respect to some documents. In several instances, Spam Arrest either filed a document under seal or required Sentient Jet to file a document under seal only to later concede that there was no basis to seal the document. In one instance, Spam Arrest took the position that it could seal the names of customers providing declarations on its behalf. Spam Arrest did not

ORDER – 4

explain how it could hide the names of its witnesses from the public.  Later, it filed the same declarations publicly, redacting only email addresses.

Third, Spam Arrest takes the position that virtually every piece of data about its business is confidential, while offering little or no evidence to support that position.[1] That "confidential" data includes, but is not limited to, the following: the number of Spam Arrest customers at various times, the number of customers who have left Spam Arrest at various times, Spam Arrest's profits and losses, Spam Arrest's aggregate revenue and revenue per customer, Spam Arrest's calculations of "downstream revenue" for its customers, Spam Arrest's advertising expenditures, and how much Spam Arrest charges its customers.

Although Spam Arrest insists that this information is confidential, it has not provided a shred of evidence from any person at Spam Arrest who can explain why the data is confidential.  Instead, Spam Arrest relies on cursory declarations from its counsel.  These are wholly insufficient.

Spam Arrest fails to acknowledge, moreover, that the data it seeks to protect is critical to the court's consideration of the pending summary judgment motions.  One of the core issues in those motions is whether the court can enforce a liquidated damages clause purporting to award $2,000 for even a single email sent in violation of Spam Arrest's Sender Agreement.  That issue depends, in turn, on whether $2,000 is a reasonable forecast of damages arising from spam.  Spam Arrest attempts to justify that figure by relying on "downstream revenue" data, whereas Sentient Jet attempts to demonstrate that the figure is unreasonable by noting that it is grossly disproportionate to Spam Arrest's revenues and profits.  The data that Spam Arrest seeks to shield from public view is central to the summary judgment motion.  Anyone reading the court's

---

[1] Both parties repeatedly reference the agreement they made regarding the exchange of information they deemed "confidential" during discovery.  The motions before the court amply illustrate that although agreements like that one may be useful to the parties as they conduct discovery, they are of no value in determining whether documents may remain under seal.

ORDER – 5

order on those motions will see that Spam Arrest's "confidential" information was central to the court's decision to invalidate the liquidated damages clause it inserted into its Sender Agreements. Spam Arrest has proffered no legitimate reason to seal that data. In rare instances, the reason for sealing a document is arguably self-evident. For example, the court has elected to keep under seal a collection of Spam Arrest's profit-and-loss statements. But for the most part, Spam Arrest is content to simply assert that documents are "confidential" without providing evidence or argument that suffices to overcome the presumption of public access.

What follows is a table of every document currently under seal in this case, along with a determination of whether it may remain under seal. The clerk shall unseal every document marked "UNSEAL." All other documents may remain under seal for now. But, where the court uses the notation "REDACT & REFILE," the party responsible for filing the document under seal must publicly file a document that has been redacted in accordance with the court's instructions. If the party does not file the redacted document by August 28, 2013, the clerk will unseal the underlying document. Each party shall file a single document that contains every re-filed document as an exhibit or attachment. The main document shall include an index that clearly identifies the sealed document to which each re-filed document corresponds.

In a few instances, the court has declined to unseal documents that provide information only about Replacements. The court does not suggest that any party had a legitimate basis for sealing those documents, only that the documents were ultimately not relevant to the disposition of the parties' dispositive motions.

| Dkt. No. | Action | Comments |
|---|---|---|
| 35 | UNSEAL | |
| 36 | UNSEAL | |
| 37 | UNSEAL | |

ORDER – 6

| | | |
|---|---|---|
| 38 | REDACT & REFILE | Redact customer email addresses and physical addresses. |
| 39 | REDACT & REFILE | Redact customer email addresses and physical addresses. |
| 40 | UNSEAL | |
| 41 | UNSEAL | |
| 42 | REMAIN SEALED | |
| 43 | REMAIN SEALED | |
| 44 | REMAIN SEALED | |
| 57 | UNSEAL | |
| 58 | UNSEAL | |
| 59 | UNSEAL | |
| 59-1 | UNSEAL | |
| 59-2 | REMAIN SEALED | |
| 59-3 | REMAIN SEALED | |
| 60 | UNSEAL | |
| 60-1 | REDACT & REFILE | Shavell Report.  Ex. D may remain redacted.  All other redactions must be removed and document refiled. |
| 60-2 | REMAIN SEALED | |
| 60-3 | REMAIN SEALED | |
| 60-4 | REDACT & REFILE | May redact customer email addresses only, not customer names or any other information. |
| 60-5 | REMAIN SEALED | |
| 60-6 | REMAIN SEALED | |
| 60-7 | REMAIN SEALED | |
| 64 | UNSEAL | |
| 65 | UNSEAL | |
| 73 | UNSEAL | |
| 73-1 | REMAIN SEALED | |

ORDER – 7

| | | |
|---|---|---|
| 73-2 | REDACT & REFILE | May redact customer email addresses and physical addresses (at street level), may not redact any other information.[2] |
| 74 | UNSEAL | |
| 74-1 | REMAIN SEALED | |
| 74-2 | REDACT & REFILE | May redact customer email addresses only, may not redact customer revenue information or any other information. |
| 74-3 | REMAIN SEALED | |

## III.  CONCLUSION

These motions, particularly as they relate to the parties' battles over sealing and redacting documents, suggest a disregard for efficient litigation that has greatly and unnecessarily complicated the court's consideration of this case. The summary judgment motions are complex enough, relying on thousands of pages of documents and over a hundred pages of briefing. These ancillary motions served no purpose but to make it much more difficult for the court to consider the evidentiary record.

The court makes these comments not to chastise the parties, but to point out how the parties have injured themselves. The cross-motions for summary judgment became ripe for the court's consideration on February 8. It is now August. No one prefers to wait this long for the resolution of a motion, and the court strongly prefers to resolve motions much more quickly. But as the parties' motions multiplied, as two motions turned into eight and then ten, it became apparent that it would take the court substantial time even to resolve the ancillary disputes, to say nothing of the substantive disputes at the core of the case. This court presides over more than 200 civil cases, to say nothing of what has recently been an active criminal docket. It is difficult to ignore other cases in favor of any single case. Once the parties had placed ten motions supported by hundreds of documents, once the parties had split those documents into a tangled array of sealed and unsealed declarations, and once the parties had compounded the court's review of the

---

[2] This document is an unwieldy spreadsheet that is more than 90 pages long. Spam Arrest did not provide a courtesy copy of the document, as was the case with virtually all of the documents it filed in conjunction with its reply brief.

ORDER – 8

evidence with a host of motions to strike, it became apparent that it could resolve these motions only by devoting weeks of its time. During those weeks, the court would be able to accomplish little else. As a consequence, the court could turn to these motions only in when it could justify diverting substantial resources away from its remaining caseload for a substantial period of time. The court conservatively estimates that it took more than 100 hours to resolve these motions.

The court understands that some disputes demand more of its resources than others. Even without the ancillary disputes, these motions would have taken substantial time to resolve. Most (if not all) of the ancillary disputes, however, were unnecessary. The parties could have and should have resolved them themselves, rather than foisting them upon the court. In short, the court urges the parties (and any attorneys who might review this order) to consider whether the approach the parties took here is in anyone's interest. If the parties hoped to receive prompt rulings on their motions for summary judgment, then there is no question that the approach they took in this case was antithetical to their interests.

For the reasons previously stated, the court GRANTS the parties' stipulated motion (Dkt. # 85) to dismiss claims against Defendant Replacements, Ltd with prejudice and without costs or attorney fees to any party. The clerk shall TERMINATE Replacements as a party.

The court DENIES all of the parties' motions to seal (Dkt. ## 26, 54, 63, 71), directs the clerk to UNSEAL the documents identified on the table above, and directs the parties to comply with the court's instructions for refiling certain documents by August 28, or the court will direct the clerk to unseal those documents as well.

The court directs the clerk to TERMINATE the parties' redacted motions for summary judgment. Dkt. ## 29, 49. The court will rely solely on the motions that the parties filed under seal (Dkt. ## 35, 57), and will resolve those in a separate order.

ORDER – 9

The court DENIES Spam Arrest's motion to sever claims and to provide supplemental briefing. Dkt. # 86.

DATED this 20th day of August, 2013.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 10